# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

MAHMOUD ALILI,

    Plaintiff,

v.

AMERICAN EXPRESS COMPANY,

    Defendant.

Case No. 1:24-cv-101

Dlott, J.
Bowman, M.J.

## REPORT AND RECOMMENDATION

This civil action is now before the Court on Plaintiff's motion for a restraining order (Doc. 13) and Defendant's memorandum contra. (Doc. 17).

Plaintiff initiated this action February 29, 2024, alleged that Defendant American Express "engaged in actions in direct opposition" to Federal Law, specifically the Fair Credit Billing Act (the "FCBA"), 15 U.S.C. § 1601 et seq., and the Fair Credit Reporting Act ,15 U.S.C. 1681 et seq. (Doc. 1). Plaintiff contends that Defendant's actions and their policies are designed to frustrate the protections intended by Congress and Defendant's actions have created financial loss to the Plaintiff. *Id.*

Plaintiff now seeks an order "enjoining Defendant (American Express) from reporting the negative information on the 11 accounts (10 opened fraudulently, 1 possibly used unauthorized) to the three major credit bureaus (Experian, Equifax and Trans Union) both against the Plaintiff and or his business (Star Wireless and Smoke Shop) for the duration of this matter." (Doc. 13 at 1). In response to Plaintiff's motion, Defendant American Express argues that injunctive relief is not available under the FCRA. In the alternative, Defendant further argues that Plaintiff fails show that he can satisfy the elements required for the preliminary injunction. The undersigned agrees.

The purpose of a preliminary injunction is to preserve the status quo. *Procter & Gamble Co. v. Bankers Trust Co.*, 78 F.3d 219, 227 (6th Cir. 1996). In considering a preliminary injunction, the court considers four elements: (1) a substantial likelihood of success on the merits; (2) a substantial threat that the movant will suffer irreparable injury if the injunction is denied; (3) that the threatened injury outweighs any damage that the injunction might cause the defendant; and (4) that the injunction will not disserve the public interest. *City of Pontiac Retired Employees Ass'n v. Schimmel*, 751 F.3d 427, 430 (6th Cir. 2014). The four factors are not prerequisites but must be balanced as part of a decision to grant or deny injunctive relief. *Leary,* 228 F.3d at 736; *Performance Unlimited v. Quester Publishers, Inc.*, 52 F.3d 1373, 1381 (6th Cir. 1995). A preliminary injunction is an extraordinary remedy that should be granted only "upon a clear showing that the plaintiff is entitled to such relief" and proof that the circumstances demand it. *S. Glazer's Distributors of Ohio, LLC v. Great Lakes Brewing Co.*, 860 F.3d 844, 849 (6th Cir. 2017) (citations omitted); *Leary*, 228 F.3d at 739.

Here, Plaintiff has not alleged facts sufficient to warrant a preliminary injunction. He has failed to demonstrate a substantial likelihood of success on the merits of his FCRA or FCBA claims against the identified Defendant, or to connect those claims to the preliminary injunctive relief he seeks, or to show that he will suffer irreparable harm without that relief. In fact, he has failed to even allege facts to support the claims he raises. By way of a separate order, Plaintiff has been ordered for file an amended complaint. For these reasons, extraordinary relief is not warranted.

Accordingly, it is herein **RECOMMENDED** that Plaintiff's Motion for a preliminary injunction be **DENIED.** (Doc. 13).

–3–

*s/Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | |
|---|---|
| MAHMOUD ALILI, | Case No. 1:24-cv-101 |
|     Plaintiff, | |
|     v. | Dlott, J. |
| | Bowman, M.J. |
| AMERICAN EXPRESS COMPANY, | |
|     Defendant. | |

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).